UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DOROTHY JOHNSON and** <br> **LORENZO JOHNSON, her husband,** <br><br> Plaintiffs, <br><br> vs. <br><br> **WYETH a/k/a WYETH, INC. (f/k/a** <br> **American Home Products Corporation),** <br><br> Defendants. | Case No. 4:06CV00286 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Renewed Motion to Remand [doc. #22].

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action was originally filed in the Circuit Court of the City of St. Louis, Missouri, on July 7, 2004, and was styled *Paula Ballard, et al. v. Wyeth, et al.*, Civil Action No. 042-07388A. The state-court petition joined the claims of plaintiffs from over thirty states, who alleged injuries resulting from their use of hormone replacement therapy produced or sold by multiple defendants [doc. ##1, 1-2, 1-6].

Wyeth subsequently removed the case to this Court, alleging fraudulent joinder and fraudulent misjoinder of non-diverse defendants, and the case was assigned to the Honorable Catherine D. Perry [doc. #1-2]. *Paula Ballard, et al., v. Wyeth, et al.*, No. 4:04CV1111 CDP (E.D. Mo. Nov. 8, 2004) (memorandum and order). Thereafter, the plaintiffs moved to remand. Finding that complete diversity among the parties was lacking, Judge Perry granted the plaintiffs'

motion to remand for lack of subject matter jurisdiction, and ordered the case to be remanded to the state court on November 8, 2004.

Defendants filed a motion to sever the claims of the individual plaintiffs in the state court [doc. ##1-3, 1-6]. The state court granted Defendants' motion and ordered the cases severed on August 24, 2005, but did not dismiss the claims or require the filing of new actions, and directed the Clerk of the Court to enter the following language on the docket of each newly opened case: "Refer to Cause No. 042-07388A for prior entries" [doc. ##1-3, 1-6]. The state court's severance order only required the plaintiffs to file separate amended complaints, specifically stating that the plaintiffs did not need to serve new process and that the order constituted notice of severance [doc. ##1-3, 1-6].

On October 12, 2005, the state court entered an order requiring all the amended complaints to be filed with the same case number as the original action, with the original filing number to be followed by a numerical suffix separately assigned to each plaintiff [doc. ##1-4, 1-7]. However, the court amended this portion of its order five days later, after being advised that assigning the numerical suffix was not technically possible for the Circuit Clerk's software to accomplish [doc. ##1-4, 1-7]. The state court's amended order directed the Circuit Clerk to assign each plaintiff a different case number in numerical sequence, but with a minute entry joining the cases for the purposes of discovery issues and dispositive motions, and the order further stated that no filing fee should be collected with the assignment of the separate case numbers. Significantly, the amended order also directed that each case "be indexed with a filing date the same as in the original case" [doc. #1-4].

Subsequently, Plaintiffs filed their second amended complaint as ordered, on January 30, 2006, naming diverse parties [doc. #1-5]. On February 24, 2006, Defendants again removed the action to federal court on the basis of diversity jurisdiction [doc. ##1, 3].

Thereafter, Plaintiffs sought remand to state court on March 8, 2006, asserting that the Court lacked jurisdiction because removal was barred by the absolute one-year time limit set forth in 28 U.S.C. §1446 [doc. ##8, 9]. Plaintiffs further averred that Defendants' removal was untimely, and that removal was impermissible because any change that may have created diversity jurisdiction resulted from Defendants' request for a court order rather than a voluntary act of Plaintiffs [docs. ##8, 9]. Prior to any ruling on this motion, Plaintiffs' case was transferred by the Judicial Panel on Multidistrict Litigation (JPML) to the hormone replacement therapy multidistrict litigation (MDL) proceeding pending in the Eastern District of Arkansas before the Honorable William R. Wilson, Jr. [doc. ##17, 18]. Plaintiffs had unsuccessfully opposed the transfer, contending that federal jurisdiction was lacking and urging the JPML not to order transfer before their motion to remand to state court was resolved in this Court [doc. #17).

Under the MDL court's standing order, Plaintiffs' motion to remand was denied without prejudice [doc. #25-3]. On March 6, 2012, the MDL court advised the JPML that coordinated or consolidated pretrial proceedings in Plaintiffs' action had been completed, and that remand to this Court was appropriate [doc. ##19, 20].

On March 21, 2012, Plaintiffs renewed their motion to remand to state court [doc. ##9, 22]. The Motion restated their previously alleged grounds for remand, including that Defendants' motion was untimely filed, and that removal was outside the one-year time limitation of 28 U.S.C. § 1446(b), which provides in pertinent part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an

3

> amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[, except that a] *case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . .*

28 U.S.C. § 1446(b) (emphasis added).

In their opposition to Plaintiffs' Renewed Motion to Remand, Defendants argue that Plaintiffs commenced a new action when this individual action was filed in January 2006 in accordance with the state court's severance order, and that, consequently, Defendants' February 2006 removal was timely [doc. #25]. Defendants also assert that the procedural one-year limitation of §1446 should be subject to an equitable exception based on the circumstances of the case, and that Plaintiffs waived their right to seek remand because they failed to renew their motion for nearly six years in the MDL proceeding.

## II.  STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Where so authorized, the courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, if a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity").

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.

*Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The removal statute at issue here creates an absolute one-year limit for removal on the basis of diversity, providing for removal within thirty days after receipt by defendants "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Further, removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's Assurance Co.*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

III. **PROCEDURAL REQUIREMENTS FOR REMOVAL**

While 28 U.S.C. § 1441(a) establishes that a defendant has a right to remove "any action brought in State court of which the district courts of the United States have original jurisdiction," the party seeking removal must comply with certain procedural requirements. As stated above, if the case stated by the initial pleading is not removable, a defendant must file a notice of removal in the district court within thirty days of receiving the documents from which it may be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b). Further,

"a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c).

The time limits of removal statutes are mandatory and must be strictly construed in favor of state court jurisdiction. *See McHugh*, 953 F. Supp. at 299. If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed. *Id.* Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal." *Id.*

IV. **DISCUSSION**

This action was commenced by multiple plaintiffs on July 7, 2004, and additional plaintiffs were added by an amended complaint filed on July 30, 2004. Subsequently, Wyeth removed the case to this Court, but the case was remanded back to the state court by Judge Perry for lack of subject matter jurisdiction on November 8, 2004. Thereafter, the state court ordered the cases severed on August 24, 2005, instructing the plaintiffs to file separate amended complaints that were to "be indexed with a filing date the same as in the original case."

In accordance with the state court's order, Plaintiffs filed their second amended complaint on January 30, 2006. Defendants again removed the action to this Court on the basis of diversity jurisdiction on February 24, 2006, more than thirty days after the 2004 filing date in the original case. Plaintiffs sought remand on March 8, 2006, asserting that the Court lacked jurisdiction because, among other things, removal was prohibited by the one-year time limit of 28 U.S.C. § 1446. When the case was transferred by the JPML to the pending hormone replacement therapy MDL proceeding, Plaintiffs' pending Motion for Remand was denied without prejudice under a standing order in that proceeding.

After the case was remanded to this Court, Plaintiffs renewed their motion to remand to state court on March 21, 2012. Defendants opposed Plaintiffs' Motion, advancing arguments

6

identical to those it previously presented unsuccessfully to another Court in this District following remand by the JPML, in a case with a virtually identical procedural history, *Leonie Schindler, et al. v. Wyeth, et al.*, No. 4:06CV337 RWS (E.D. Mo. June 29, 2010) (memorandum and order of remand).

Here, as they did in *Schlindler*, Defendants argue that Plaintiffs commenced a new action by filing their second amended complaint in compliance with the state court's severance order, and that, consequently, the one-year time limit was triggered anew by that filing. In *Schlinder*, the Honorable Rodney W. Sippel concluded this argument failed because the state court clearly indicated in its severance orders that the plaintiffs did not commence a new action by filing their amended complaints. Because removal statutes are narrowly construed, section 1446's one-year limit runs from the initial commencement of an action, rather than any later amendment or other pleading that causes the case to become removable. *Lytle v. Lytle*, 982 F. Supp. 671 (E.D. Mo. 1997). *See also Paul v. Bayer AG*, 320 F. Supp. 2d 1333 (M.D. Ala. 2001) (concluding that the one year began from commencement of action, not from date of order severing and transferring venue of claims).

Defendants also assert that "the procedural one-year limitation should be subject to an equitable exception based on Plaintiff's forum manipulation in joining plaintiffs around the country in the same lawsuit[.]" Additionally, they maintain that Plaintiffs waived their right to seek remand on non-jurisdictional grounds by failing to renew their motion for nearly six years in the MDL proceeding.

These arguments advanced by Defendants in opposition to remand were also considered and rejected by Judge Sipple in *Schindler*. This Court likewise finds them unpersuasive.

Judge Sippel declined Defendants' request to engraft an equitable exception to the plain language of the statute, concluding that the one-year limit of 28 U.S.C. §1446 is jurisdictional and absolute. *See Jones Mgmt. Servs., LLC v. KES, Inc.,* 296 F. Supp. 2d 892, 894 (E.D. Tenn. 2003); *see also Advanta Tech. Ltd. v. PB Nutrition, Inc.,* No. 08-612, 2008 WL 4619700 at *4 (E.D. Mo. Oct. 15, 2008) (28 U.S.C. § 1446(b) establishes jurisdictional requirement that may not be equitably tolled). Judge Sippel also rejected Defendants' waiver argument, holding that the jurisdictional time limitation was not subject to waiver. *See Dill v. General Am. Life Ins. Co.*, 525 F.3d 612, 617 (8th Cir. 2008) (jurisdictional time limits "cannot be waived or forfeited"); 28 U.S.C. § 1447(c) (requiring district court to remand "at any time before final judgment" if subject matter jurisdiction is lacking).

Defendants here filed their Notice of Removal in this case more than eighteen months after the filing of the original and amended complaints, well outside the one-year time limit for removal on diversity grounds. Where, as here, a case is not removable as initially plead, then, in order for a notice of removal to be valid, it must be filed within thirty days after defendants receive an "amended pleading, motion, order or other paper" from which they could *first ascertain* that the case was removable. 28 U.S.C. § 1446(b).

In determining whether the basis for removal was ascertainable, judges in the Eastern District of Missouri have examined whether the defendant had "clues" regarding the existence of federal jurisdiction and whether he or she timely pursued those "clues." *See Bachman v. A.G. Edwards, Inc.*, No. 09-57, 2009 WL 2182345 at **3-5 (E.D. Mo. July 22, 2009); *Stewart v. Mayberry*, No. 09-569, 2009 WL 1735773 at **2-3 (E.D. Mo. June 18, 2009); *McHugh*, 953 F. Supp. at 300. Defendants here received a "clue" regarding the existence of federal jurisdiction no later than when the State Court ordered the cases severed on August 24, 2005; nevertheless,

Defendants did not file their Notice of Removal within thirty days of this date. Thus, the Notice of Removal was not timely filed under 28 U.S.C. § 1446(b). Defendants removed this case after the one-year time limit ran. Consequently, the case must be remanded to the Circuit Court of the City of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #22] is **GRANTED**. This action is remanded to the Circuit Court of the City of St. Louis, Missouri, pursuant to 28 U.S.C. § 1447(d).

Dated this  18th  day of May, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE